United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL D. GASTON, et al.,

    Plaintiffs,

  v.

MATTHEW H. GOTTESMAN, et al.,

    Defendants

No. C-06-7840 MMC

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

    Before the Court is plaintiff Michael D. Gaston and Douglas Gaston's motion for a temporary restraining order, filed December 22, 2006. Having reviewed plaintiffs' motion and supporting papers, the Court rules as follows.

    By the instant motion, plaintiffs seek an order (1) prohibiting defendants Matthew H. Gottesman and Michael J. Gottesman (collectively, the "Gottesmans") from calling a meeting of the shareholders of Vizions, Inc. ("Vizions") scheduled for today, December 22, 2006, at which meeting, plaintiffs assert, a motion will be made to remove them from the Board of Directors of Vizions[1]; (2) prohibiting the Gottesmans from taking steps to remove the plaintiffs from the Board of Directors; and (3) prohibiting the Gottesmans from accepting investments in or loans to Vizions and/or spending investments in or loans to Vizions.

---

[1] The Gastons and the Gottesmans are shareholders of Vizions, and members of the Board of Directors of Vizions.

1  "In this circuit, preliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." See Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  Id.  "As an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation."  Id. (internal quotations and citation omitted). "Under any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury."  Id.

Here, plaintiffs have failed to offer evidence sufficient to raise an inference that the issuance of shares to investors was in violation of Vizion's governing documents or otherwise improper.  Further, plaintiffs have failed to offer evidence sufficient to raise an inference that either plaintiffs or Vizions will suffer injury for which they could not be compensated if the actions challenged herein were later found to be without authorization and set aside.

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 22, 2006

MAXINE M. CHESNEY
United States District Judge