IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. GASTON, et al., | No. C-06-7840 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO TRANSFER OR DISMISS; VACATING HEARING** |
| v. | |
| MATTHEW H. GOTTESMAN, et al., | |
| Defendants / | |

Before the Court is the "Motion to Transfer for Convenience (28 U.S.C. § 1404(a)); or in the Alternative, to Dismiss for Improper Venue, or, in the Alternative, to Transfer for Improper Venue (28 U.S.C. § 1406(a))," filed February 8, 2007 by defendants Matthew H. Gottesman and Michael J. Gottesman (hereinafter "individual defendants").[1]  Plaintiffs Michael D. Gaston and Douglas Gaston have filed opposition, to which the individual defendants have replied.  Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for April 13, 2007, and rules as follows.

**BACKGROUND**

In their complaint, plaintiffs, who are both citizens of California, allege they are

---

[1]A third defendant, Vizions, Inc. ("Vizions"), has not responded to the complaint, and is in default.

shareholders in and directors of Vizions, and that the individual defendants, who are both citizens of Arizona, are also shareholders in and directors of Vizions. (See Compl. ¶ 27.) Plaintiffs also allege that defendant Vizions is incorporated in Delaware and has its principal place of business in Arizona. (See id.)

Plaintiffs allege the individual defendants made false representations to plaintiffs and breached their fiduciary duties to Vizions by engaging in such acts as recommending that Vizions hire individuals who have been unable to complete projects on a timely basis (see Compl. ¶¶ 5-6), refusing to sign "corrective documents" concerning Vizions's "corporate documents," (see Compl. ¶ 10), accepting "investors' money without the approval of the Board of Directors," (see Compl. ¶ 16), refusing to "us[e] programming expertise outside of Arizona" to alleviate a "programming bottleneck," (see Compl. ¶ 20), failing to advise potential investors of "adverse" conditions of Vizions's business, (see Compl. ¶ 21), and "squandering of prospective investors' funds,' (see Compl. ¶ 46).

## DISCUSSION

By the instant motion, the individual defendants seek to dismiss or to transfer the action to the District of Arizona, based on improper venue, or to transfer to the District of Arizona for convenience.

**A. Dismissal or Transfer for Improper Venue**

The complaint alleges "[v]enue is proper in [the Northern District of California] pursuant to 28 U.S.C. § 1391(b) because the actual and threatened injury and damage at issue are taking place and have taken place in the [ ] Northern District of California." (See Compl. ¶ 28.) Section 1391(b) pertains, however, to actions "wherein jurisdiction is not founded solely on diversity of citizenship," see 28 U.S.C. § 1391(b); the Court's jurisdiction over the instant action is founded solely on diversity of citizenship, (see Compl. ¶ 27). Moreover, the subsection of § 1391 applicable to diversity actions, specifically, § 1391(a), does not provide that venue is proper in any district where "injury and damage" occurs, but rather, e.g., where "a substantial part of the events or omissions giving rise to the claim occurred," see 28 U.S.C. § 1391(a) (emphasis added). The individual defendants do not

challenge the sufficiency of the pleadings, however. Rather, the individual defendants contend, venue as to the claims alleged against them is lacking because the corporate defendant, Vizions, is not subject to personal jurisdiction in this District. See 28 U.S.C. § 1391(c) (providing proper venue for action against corporation is district where, if district were separate state, corporation would be subject to personal jurisdiction).

The specific ground asserted by the individual defendants is not persuasive. Assuming, arguendo, Vizions is not subject to personal jurisdiction in this District,[2] the result would be a dismissal of the claims against Vizions for improper venue, not the claims against the individual defendants, who, as noted, have not challenged the theory on which venue with respect to the individual defendants is alleged. See, e.g., PI, Inc. v. Quality Products, Inc., 907 F. Supp. 752, 755, 765 (S.D. N.Y. 1995) (considering arguments made by each defendant in support of motions to dismiss for lack of proper venue; dismissing some, but not all, defendants and claims for lack of proper venue).

Accordingly, the individual defendants have not shown they are entitled to dismissal or transfer of the instant complaint on the ground of lack of proper venue.

**B. Transfer for Convenience**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, the action "might have been brought" in the District of Arizona, because each defendant is alleged to be a citizen of Arizona. See 28 U.S.C. § 1391(a) (providing diversity action properly venued in "district where any defendant resides, if all defendants reside in the same State").

With respect to the issue of convenience, the Court finds, for the reasons stated by the individual defendants, that the District of Arizona is a more convenient forum. In

---

[2] The Court need not resolve herein the issue of whether, if the Northern District were a state, Vizions has sufficient contacts therewith for purposes of establishing venue. As noted, Vizions is in default and, as such, has waived the issue of the sufficiency of venue.

particular, as the individual defendants point out, (1) the challenged acts of corporate management by the individual defendants occurred in Arizona, the principal place of Vizions's business, (2) Sam Trejo and Sam Douglas, the consultants whose hiring plaintiffs challenge herein, reside and performed work for Vizions in Arizona, (3) Ronald McCormick, Sandra McCormick, Susan Peediyakkal, and David Lopez, investors whom plaintiffs allege were provided with insufficient information by the individual defendants, all reside in Arizona, (4) Vizions's corporate records are located in Arizona,[3] (5) Vizions is authorized to conduct business in Arizona and is not authorized to conduct business in California, and (6) plaintiffs' choice of forum is entitled to little deference, given that the majority, if not overwhelming majority, of the operative facts of asserted mismanagement and defrauding of Vizions and its shareholders occurred in Arizona.  See Jones v. GNC Franchising, Inc., 211 F. 3d 495, 498 (9th Cir.) (setting forth factors to be considered on motion to transfer for convenience, including plaintiffs' choice of forum, situs of operative facts from which plaintiffs' claims arise, and location of witnesses and other sources of proof), cert. denied, 531 U.S. 928 (2000); Pacific Car and Foundry Co. v. Pence, 403 F. 2d 949, 954 (9th Cir. 1968) (holding where operative facts from which plaintiff's claim arise do not occur in chosen forum, plaintiff's choice not accorded usual degree of deference).

        Plaintiff argues the above factors are outweighed by the fact that plaintiffs reside in California, and that Vizions has outside counsel, specifically, Thomas French and Torrie Nute, whose office is located in this District.  The Court disagrees.  First, with respect to plaintiffs' convenience, given the parties agree that plaintiffs and the individual defendants will be witnesses, and each such party having asserted he and/or his business interests will be inconvenienced by having to travel to Arizona or this District for court proceedings, this factor is neutral.  Second, although plaintiffs represent that Vizions's outside counsel currently is in possession of funds that may or may not belong to Vizions, and are awaiting instructions from the Board of Directors as to the disposition of such funds, plaintiffs fail to

---

[3]The only exception appears to be a Vizions bank account with a balance of $75.08, on deposit with a California branch of Wells Fargo.  (See Michael Gaston Decl. Ex. N.)

4

state the nature of any testimony such counsel would offer, as well as the relevance of such testimony to the claims alleged herein, and such relevance is not apparent from the complaint.

Accordingly, the Court will transfer plaintiffs' claims against the individual defendants to the District of Arizona, pursuant to § 1404(a).

Further, because § 1404(a) "only authorizes transfer of an entire action, not individual claims," see <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F. 2d 1509, 1518 (10th Cir. 1991), the Court also will transfer to the District of Arizona plaintiffs' claims against Vizions. Although, pursuant to Rule 21 of the Federal Rules of Civil Procedure, a district may retain "a portion of a pending action" by severing such portion prior to effectuating a transfer, <u>see</u> <u>id</u>. at 1519, here, a severance of plaintiffs' claims against Vizions is not warranted because the effect thereof may well be piecemeal litigation and inconsistent results, <u>see</u>, e.g. <u>Old Colony Ventures I, Inc. v. SMWNPF Holdings, INc.</u>, 918 F. Supp. 343, 350 (D. Kan. 1996) (holding factors to consider in determining whether severance is proper are "convenience of the parties, avoiding prejudice, promoting expedition and economy" and "separability of law and logic") (citing cases).

## CONCLUSION

For the reasons stated, defendants' motion to dismiss or transfer for improper venue or to transfer for convenience is hereby GRANTED in part and DENIED in part as follows:

1. Plaintiff's complaint is hereby TRANSFERRED to the District of Arizona, pursuant to 28 U.S.C. § 1404(a); and

2. In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 13, 2007

MAXINE M. CHESNEY
United States District Judge